Jose Epifanio **REYES ROSADO**, Libellant, Appellant,

v.

**COMPANIA TRANSATLANTICA ESPANOLA, S. A.**, Respondent, Appellee.

No. 5437.

United States Court of Appeals First Circuit.

March 20, 1959.

Harvey B. Nachman, New York City, with whom Stanley L. Feldstein and Jerome Golenbock, San Juan, P. R., were on brief, for appellant.

Jorge L. Cordova, Jr., San Juan, P. R., with whom Cordova & Gonzalez, San Juan, P. R., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HASTIE, Circuit Judges.

PER CURIAM.

This little case was commenced by the filing of a libel in admiralty seeking damages for personal injuries resulting from a fall down the hold when the rungs of a ladder broke. According to a stipulation at the trial, the only issue left to the court was the amount of damages to be awarded libellant for pain and suffering and for loss of earnings up to the trial. For this limited purpose, testimony by libellant was produced. At the conclusion of the trial, the court stated that judgment would be entered for $2,000, minus an agreed credit to respondent in the sum of $500 representing an advance which libellant had already received from respondent, and directed the proctors for libellant to prepare proposed findings of fact to be submitted to proctors for respondent and to the court for settlement. The draft so prepared was signed by the proctors for respondent with the notation, "Approved as to form". The judge

adopted and issued the proposed findings of fact and entered a decree for libellant in the sum stated above.

Libellant filed a notice of appeal, on the claim that the amount awarded was obviously inadequate in view of the findings of fact and in particular ignored two findings numbered 9 and 10.

From the arguments at our bar, it seems that there was some misunderstanding by the trial judge as to the effect intended by proctors for respondent in approving the proposed findings as to form. This seems to be so, in view of the apparent inconsistency between findings 9 and 10 and the informal opinion by the court in computing the award at the close of the evidence. Finding 9 is that "The libelant had pain for one (1) year after his return to work." Nevertheless the court, in the informal opinion referred to above, apparently found that the libellant was in good health when he returned to work. Finding 10 is that "After the libelant returned to work he worked for some time with less frequency than before the accident." However, the transcript shows that the court computed the award for time lost from work only during the six-month period preceding the libellant's return to work. And the award computed at the close of the evidence was incorporated without change in the formal decree which was attached to the formal findings of fact in question. The explanation suggested in argument was that the judge never would have issued findings 9 and 10 had he realized that respondent had not meant to concede that such findings were required by the evidence and the court's decision thereon.

The libellant-appellant urges that this court add a proper amount to the sum awarded by the district court to compensate him for the damage shown by these findings 9 and 10. But finding 9 does not state the severity or frequency of the pain, nor does finding 10 specify the amount of time lost from work. We therefore do not pass on the sufficiency of the award, nor will we review the evidence which is said to support findings 9 and 10 to amend them. The latter function is better left to the district court to which the witness presented his testimony.

In these circumstances, it seems to us that the proper disposition of this appeal is to vacate the decree of the district court and to remand the case to that court for further consistent proceedings.

A judgment will be entered vacating the decree of the District Court and remanding the case to that Court for further proceedings not inconsistent with this opinion.